### ROSE CONNELL, V. ORVILLE S. BRUMBACK ET AL.

1. CONTRACT BY WIDOW, FIXING ATTORNEY'S COMPENSATION IN ACTION FOR WRONGFUL DEATH, VALID.

A widow, as one of the beneficiaries, under the statute authorizing actions for wrongful death, has power to contract with a firm of attorneys, to bring suit against a railway company for wrongfully causing the death of her husband, and to fix compensation for their services, at one-half the amount received, over and above a certain sum, although the action is to be prosecuted in her name as administratrix, and for the benefit of herself and minor children of deceased. Such widow is, therefore, personally liable for a breach of such a contract.

2. SETTLEMENT DIRECT A BREACH OF SUCH CONTRACT, AND WIDOW IS LIABLE.

A compromise settlement with the railroad company, effected after the action was commenced, without the knowledge of the attorneys, made with the widow as administratrix and as plaintiff, and a guardian appointed by the probate court for the minor children, each of such representatives receiving a portion of the fund, constitutes a breach of the contract, for which the widow is individually responsible to the attorneys.

3. GUARDIAN OF MINOR CHILDREN—LIABILITY OF.

Unless the evidence shows that the guardian, appointed for the minor children, assisted in a violation of the contract, further than a passive agency in accepting the trust and in receiving the money, such guardian is not personally liable.

4. CAUSE OF ACTION ACCRUES WHEN MONEY IS PAID—BASIS OF COMPUTATION.

A cause of action, under such contract, accrued to the attorneys when the money was paid to the administratrix and the guardian, and is based on the total amount paid, over and above the exemption, and their claim is not defeated by the fact that the amount paid to the widow does not exceed the sum exempted in the contract.

5. NOTICE INSUFFICIENT TO BIND RAILWAY COMPANY.

A notice from the attorneys to the railroad company, in the following words: "Defendant will take notice that under and by virtue of the terms of an agreement between plaintiff and the undersigned, her attorneys, the undersigned have an interest in the proceeds of any settlement made or judgment obtained in above entitled action," is not sufficient to require the railway to hold any part of the funds, or pay them into the hands of the attorneys, or to charge the railway company with having defeated a right, lien or legal advantage of plaintiffs (the attorneys), whereby the railway company should be required to respond in damages.

6. DISMISSING PETITION AS TO CERTAIN PARTIES A FINAL ORDER.

The order of the common pleas court in dismissing the petition as to the administratrix and as to the guardian, in the action brought by the attorneys to recover under this contract, was a final order upon which error could be prosecuted.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

This is a proceeding brought to reverse a judgment obtained by the defendants in error against the plaintiff in error, in the court of common pleas of this county. The action in that court was by Hurd, Brumback & Thatcher, a law firm, against the Wheeling & Lake Erie Railway Company, Rose Connell, individually; Rose Connell, as administratrix of the estate of John Connell, deceased, and Abby Riley, as guardian of John Connell and Frank Connell, minors.

The petition sets forth in substance that the plaintiffs were employed to prosecute an action against the Wheeling & Lake Erie Railway Company on behalf of the beneficiaries or those entitled to recover, on account of the decease of John Connell, late of Huron county, Ohio; that they were employed by Rose Connell, his widow; that subsequently they were employed on the same terms of employment by Rose Connell, as administratrix of the estate of John Connell, deceased.

The case that they were employed to prosecute arose, as they say in the petition, out of the following facts: That on or about February 12, 1894, and for a number of years prior thereto, said John Connell was in the employ of the defendant railway company as an engineer, engaged in running an engine on said line of railroad; that on account of the carelessness and negligence of the said defendant railway company said John Connell was killed near the city of Bellevue, in said state, on said last named date, and the petition sets forth more particularly than I have stated the circumstances under which this occurred; that Rose Connell was the wife of said John Connell; that Anna May Connell, aged 19 years; John Connell, aged 16 years; and Frank Connell, aged 9 years, were children of the deceased. It is averred that by the terms of this employment and in consideration of the services to be rendered by plaintiffs below, said Rose Connell agreed to pay the plaintiffs out of the money recovered in said action, either by suit or settlement, one-half of

Connell v. Brumback.

the sum so recovered after first deducting the sum of $1,500, and that they instituted an action in the court of common pleas of Lucas county for the purpose of recovering $10,000 damages, which they averred had been sustained; that they prosecuted this action with diligence, and the petition sets forth certain services rendered by them in that behalf. The petition contains the following averments:

"That thereafter all of the defendants herein conspired together for the purpose of defrauding these plaintiffs of the compensation to which they were entitled by reason of their services in said action, and without the knowledge or consent of plaintiffs did, on or about the twenty-first day of May, 1895, enter into a contract and agreement of settlement, by the terms of which said railway company agreed to pay to said Rose Connell, as such administratrix, the sum of thirty-five hundred dollars in settlement of said case. That as a part of the consideration of said settlement said railway company further agreed in writing to pay the attorney fees which these plaintiffs were entitled to in said above named case. That in furtherance of said fraud and conspiracy and for the purpose of making it appear that the said administratrix received but the sum of fifteen hundred dollars in said settlement, and for the further purpose of deceiving these plaintiffs as to the true amount of said settlement, the said defendants conspired together and caused the records of the probate court of Huron county to be so prepared as to show that the said Rose Connell, as such administratrix, settled said cause for the sum of fifteen hundred dollars. That at the same time of preparing said record, on or about the twenty-first day of May, 1898, the said railway company, through its officers and attorneys, and through the intervention of the said Rose Connell and Abby Riley, caused the defendant Abby Riley to be appointed guardian of said John Connell and Frank Connell, children of said decedent. That instead of paying the full sum of thirty-five hundred dollars to the administratrix, being the full sum of money to be paid in said settlement, except the compensation due these plaintiffs, said defendants conspired together and caused the sum of two thousand dollars, which was a part of the consideration of said settlement, to be paid to the said Abby Riley as such guardian.

"That a short time before the said twenty-first day of May, 1895, and before said settlement was consummated between the defendants, these plaintiffs served written notice upon the defendant railway company and upon its attorneys of record in said above named case, Messrs. Swayne, Swayne & Hayes, that they had an interest in and a lien upon the proceeds of any settlement made or judgment rendered in said action so brought by the said Rose Connell, administratrix; and requested the said railway company to consult with plaintiffs before any adjustment of said cause was made, and told said company that these plaintiffs would favor a settlement of said cause upon a reasonable basis. That said company, through its said attorneys, in response to said notice told these plaintiffs that the said company would consult with them, and would make a proposition of settlement of said case to plaintiffs, as attorneys for the said administratrix; that instead of doing so, did wrongfully, fraudulently and with intent to defraud plaintiffs of the just compensation to which they were entitled, cause said settlement to be brought about without the knowledge or consent of plaintiffs, and without giving them any notice thereof."

The petition then avers that they claim as their compensation $1,000; that they have presented their claim for this fee to the railroad

company, to the guardian, to the administratrix and to the parties individually, and it has not been paid, and they ask for judgment against all the parties for $1,000 and interest.

The answer filed to this petition on behalf of such of the defendants as answered, is substantially a general denial.

Now the case in the court below took this course : On motion of the defendants, certain allegations in the original petition were stricken out, to which plaintiff excepted. We find that these averments which were stricken out were either matters of evidence or immaterial matters, and that the action of the court with respect to that was proper.

On October 27, 1897, a demurrer was filed by the defendants, and was heard and sustained as to Rose Connell, as administratrix, and as to Abby Riley, as guardian, and the petition as to them was dismissed. The plaintiffs excepted and took leave to file an amended petition, making Abby Riley, individually, a party defendant. The journal entry of that date with respect to this matter reads in part as follows :

" In consideration whereof, the court being duly advised in the premises, in sustaining said demurrer in part and overruling same in part, find as follows, to-wit :

" First—That there is one cause of action in said petition contained and set forth, the same being in tort and not in contract, against the defendants, the Wheeling & Lake Erie Railway Company and Rose Connell, individually.

" Second—That there is no cause of action in said petition contained and set forth against said defendants, Rose Connell, as administratrix of the estate of John Connell, deceased, and Abby Riley, guardian of John Connell and Frank Connell, minors.

" The court, therefore, sustains said demurrer of said defendants as to Rose Connell, administratrix of the estate of John Connell, deceased, and sustains said demurrer as to the defendant Abby Riley, guardian of John Connell and Frank Connell, minors, and overrules the said demurrer as against the defendants, the Wheeling & Lake Erie Railway Company and Rose Connell, individually, to which ruling of the court the plaintiffs by their counsel excepted, and thereupon leave is given the plaintiffs to file an amended petition in ten days, and upon application of the plaintiffs Abby Riley is made a party defendant."

An amended petition was filed, and the averments in the amended petition are substantially the same as those in the original petition, excepting that the parts stricken out from the original petition were omitted from the amended petition and Abby Riley was made a party defendant. The amended petition contains a prayer for judgment against all of the defendants precisely as if Rose Connell, as administratrix, and Abby Riley, as guardian, had not been dismissed from the case as we find they had been, in effect, by the foregoing entry and the action of plaintiff in amending without changing the averments as to them.

An answer was filed on behalf of the railway company and on behalf of Rose Connell, individually, and Abby Riley, individually, and upon these pleadings the parties went to trial before a jury.

After the evidence was all in, by agreement of parties, the jury was discharged from the consideration of the case and the whole matter was submitted to the trial judge.

On March 31, 1898, there was a finding and judgment for the plaintiffs against Rose Connell for $1,000 and accrued interest, and in favor of Abby Riley and the railway company as against the plaintiffs.

Nothing is said in the record as to Rose Connell, as administratrix, or as to Abby Riley, as guardian, after October 27, 1897.

On June 16, 1898, a petition in error was filed by Rose Connell against the plaintiffs below to reverse the judgment against her. On July 23, 1898, a cross-petition in error was filed by plaintiffs below against Rose Connell, as administratrix; Abby Riley, as guardian; Abby Riley, personally, and the railway company, to reverse the judgment and orders entered in favor of these defendants below against plaintiffs below.

The first enquiry arises upon the petition in error filed by Rose Connell. We find that the case stated in the amended petition against her is fairly made out by the evidence. It is quite apparent that this settlement included payment of $3,500· to the beneficiaries, all of whom were represented by Rose Connell, as administratrix. Whether the method pursued of distributing the amount received was regular and exonerates her as administratrix, so that she may not be called upon to surrender some share of the $1,500, which the records of the probate court show she received on behalf of all the beneficiaries (the $1,500 is shown by her report and the court's finding to have been the whole amount received on behalf of all the beneficiaries), or whether this method of distributing the fund was designed by the parties participating in the transaction to deceive and defraud the plaintiffs below, we need not now enquire.

While the court below in passing upon the demurrer expressed the opinion that the action was founded on an alleged tort, and that the plaintiff might recover judgment against so many of the parties as may have participated therein, we are of the opinion that the amended petition sets forth a good cause of action against Rose Connell, individually, arising out of the acts done by her, including her breach of her contract, and that under the proofs the judgment against her is fully warranted. And in arriving at this conclusion we do not find it necessary to invoke either sec. 5207, Rev. Stat., as to the submission of causes without pleadings, or sec. 5114, Rev. Stat., as to amendments, to sustain the action of the court below. It was only necessary for the court to disregard certain allegations of the petition unessential to the cause of action against her. And we do not deem it essential to determine whether the action against her comes strictly within the category of tort or that of contract. It is clear, however, that it had its foundation in contract and a breach thereof, and, so far as she alone was concerned, all other matters were immaterial. It is not apparent to us that the plaintiff in error was prevented in any way from setting up and taking full advantage of any defenses she may have had to the case stated against her, whether the case was viewed as one sounding in tort or upon contract.

It is urged that the action could not be maintained against the plaintiff in error on her contract, because she therein agreed to do that which was legally impossible for her to perform; that is, to institute and prosecute and perchance settle an action over which she as an individual had and could have no control, and had no right of control, since an administrator of the estate of the deceased was the only proper or lawful representative and person in authority in the premises.

We discover no such obstacle to the enforcement of this contract. Rose Connell was the widow of the deceased, and, therefore, one of the beneficiaries.

This contract having for its subject matter a claim in which she was personally interested, and for its object the enforcement of that claim, was one that she might well have entered into. Whether she ever obtained absolute control of the proceedings or of the fund was immaterial. Even an administrator could not obtain absolute control of the litigation or the fund, since such trustee is subject to the control of the probate judge in the enforcement of such claims and in the distribution of the fund. How far an administrator may bind himself as such as to affect the fund, or how far the fund may be bound by the contract of the administrator or the beneficiaries with an attorney, or by the service of the attorney in securing the fund, we need not now consider. It is sufficient that she was a beneficiary (if indeed any interest in or right of control over the proceedings or the fund is required, which is not apparent), and as such *cestui que trust* she would have some right to be heard and to in some measure, by proper proceedings, regulate the action of the administrator, acting as her trustee, if he should attempt to proceed in disregard of her rights and interests in her premises.

Besides this, she had the first right to the office of administratrix, and she availed herself of this right, and thereafter accepted the services of plaintiffs below, tendered and performed under the contract, so that after all the questions as to her right and power in the premises had been removed she ratified the contract, and it then became legal and obligatory, if it had not been so before.

Upon the receipt of the $3,500 her obligation to pay $1,000 to the plaintiffs below arose. If the settlement was upon the terms she states in her testimony, the amount to be paid was really $5,500, and the plaintiffs below were entitled to $2,000, that is, the share of beneficiaries of the amount received over $1,500 was to be one-half, and the share of the attorneys was to be one-half. By agreement with the railroad company, which had notice of this contract, she was to have as her share $2,000, and, therefore, their share would be an amount equal to that. But since they have claimed but $1,000 and have received a judgment for but $1,000, this may be dismissed without further remark.

As to the cross-petition in error of the defendant in error, the time limited for the filing of a petition in error to reverse the judgment of the court below dismissing the petition of the plaintiffs as to the administratrix and as to the guardian had expired before the cross-petition in error was filed. As I have said, that judgment of the court was entered upon August 27, 1897, and the cross-petition in error was filed on July 23, 1898. Therefore, the court had no jurisdiction in the premises. Young v. Shallenbarger, 53 O. S., 291.

Such jurisdiction cannot be conferred upon this court by the voluntary appearance or consent or agreement of the parties. King v. Penn, 43 O. S., 57.

We regard the order of the court dismissing the petition as to these defendants, Rose Connell, as administratrix, and Abbey Riley, as guardian, as a final order upon which error could be prosecuted. If, however, there is any doubt about that, then there is no judgment of the court below as to these defendants. No order respecting them was made subsequently to October 27, 1897, and if that is not a final order then the case in the court below is still pending as to these defendants.

Secondly—As to Abby Riley, individually: The proof in the case indicates that she was the passive agent of the other parties in accepting the guardianship and the funds of the wards. It does not show

Connell v. Brumback.

that she designed to assist in the perpetrating of any fraud upon the plaintiffs. We think that the evidence was not sufficient to warrant a judgment against her personally and that the judgment of the court below as to her was not opposed to the evidence.

Third—As to the railway company : Though the proof may justify the conclusion that it conspired with Rose Connell and others to deceive and defraud the plaintiffs below, does it·appear that any fraud was accomplished, or any legal wrong done ?

This is not an action to charge or subject the fund. If it were, the railroad company might well answer that there is now no fund in its hands subject to the orders of the court. It is not an action upon the contract of the railway company to pay the plaintiff's fees. If it may be viewed ·as such an action—there are certain allegations in the petition which would indicate that some such idea may have been entertained by the plaintiffs below— but if it were viewed in that way, then there is not sufficient evidence in the record to indicate that the railroad company entered into any obligation to discharge the promise or obligations of Rose Connell to the plaintiffs, that is to say, to pay the amount that she had promised to pay.

If this were an action upon a·contract or promise of the railroad company growing out of this settlement, we cannot see that the statute of frauds would prevent a recovery, since it would be part of the consideration of the settlement, part of that agreed to be paid, in effect, to Rose Connell as administratrix. But on this theory the finding of the court is not so clearly against the evidence as to warrant a reversal. The evidence tends to show that the railway company did not promise to pay. any particular sum or any more than it might please to pay. It does not show that the railway company agreed to pay according to the terms of the contract between Rose Connell and the plaintiffs below.

The action against the railway company is really upon the theory that. it defeated some right, lien or legal advantage of the plaintiffs below, and that it may be required to respond on account of the damage thereby done.

Assuming that Rose Connell, personally, or as administratrix, might and did by her contract give a right to or a lien upon a share of the fund, or that plaintiff's services gave rise thereto, still the contract made by Rose Connell with the plaintiffs made her the paymaster of plaintiffs.

The contract reads, in part, as follows :

### "AGREEMENT.

"Rose Connell, party of the first part, hereby employs Hurd, Brumback and Thatcher, parties of the second part, who undertake to prosecute an action against the Wheeling & Lake Erie Railway Company, to recover for damages sustained by her and the heirs of John Connell, deceased, on account of the death of the said John Connell, occasioned by the negligence of the said railway company, on or about the 12th day of Febuary, 1894.

"The said party of the first part hereby agrees to pay to the parties of the second part, out of any money recovered in said action, by suit or settlement, one-half of said moneys, first deducting the sum of $1,500."

Then follows a stipulation as to the amount to be paid in case no suit is instituted, and the agreement is signed by Rose Connell and by Hurd, Brumback & Thatcher.

The railway company settled with Rose Connell as administratrix, as it had a right to do. That is not questioned. It is not pretended that by any contract or arrangement with Rose Connell, the law firm could interfere with, or obstruct, or in any way affect the right of the railway company to settle its cause of action with the representative of the beneficiaries, and, under the statute, upon the making of this settlement, she had a right to receive the funds growing out of the settlement, sec. 6135, Rev. Stat. There is no allegation or evidence in the case, nothing to make it appear that this firm of attorneys had any prior right to receive the fund or to have the fund pass through their hands. The contract, as I have said, does not provide for that. The contract provides that they are to receive their pay from Rose Connell. Notwithstanding this, perhaps a lien might be obtained upon the funds that would arise immediately upon a settlement being made, so that the railway company might be chargeable as trustee, or might be required, if proper notice had been served, or proper steps taken, to withhold some share of the fund for the protection of the rights and interests of the attorneys. But the notice served upon the railway company was as follows:

"Defendant will take notice that under and by virtue of the terms of an agreement between the plaintiff and the undersigned, her attorneys, the undersigned have an interest in the proceeds of any settlement made or judgment obtained in the above entitled action.

"Please consult us before entering into any compromise.

"(Signed)   HURD, BRUMBACK & THATCHER."

"May 17, 1895."

There is nothing in this notice to require the railway company to hold any part of the funds or pay them into the hands of the attorneys in order that they may protect any right or lien that they may have by virtue of these transactions. The conversations between the plaintiffs below, the members of this law firm and the representatives of the railway company, go no farther than this notice. There is nothing in those conversations requiring the railway company to withhold the funds for their protection. We hold that the railway company did only what it had a right to do in the premises in paying over the amount of money agreed upon in settlement to Rose Connell, or to those to whom she directed that it should be paid.

There is no allegation or proof of the insolvency of Rose Connell. Some remark was made by Rose Connell when under examination, after the case had been heard and decided and an effort was being made to obtain a re-hearing and new trial, which might indicate that she was then insolvent; but that was not one of the issues in the case. The alleged efforts to deceive the plaintiff as to the amount paid in settlement came to naught, and do not appear to have in any way affected the plaintiffs below to their detriment or disadvantage. There is nothing in the case made to show that the railway company did anything but that which it had a legal right to do, or to show that Rose Connell is not now as good a paymaster as she was when the contract was made,

or, if she is not, there is nothing to show that the railway company is in any way responsible for her being less able to pay. If the railway company had been notified that the plaintiffs desired it to retain and pay their share to them direct, a very different question would be presented to us for consideration. This view of the matter upon the evidence. makes it unnecessary for us to consider or discuss the authorities cited with reference to the right of attorneys to obtain or acquire liens upon funds under circumstances like these.

The cross-petition in error as to the administratrix and guardian will be dismissed, and the judgment of the court below as to the other parties will be affirmed.

*Swayne, Hayes & Tyler*, for plaintiff in error.

*Hurd, Brumback & Thatcher*, for defendants in error.